**4**

DAVID P. CUSICK, #160467 TRUSTEE
NEIL ENMARK, #159185, attorney for Trustee
KRISTEN A. KOO, #230856, attorney for Trustee
P.O. Box 1858
Sacramento, California 95812-1858
legalmail@cusick13.com
(916) 856-8000

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No: 24-24120-A-13C |
| | ) | DCN: DPC-1 |
| | ) | |
| KRISTINA L. FLUETSCH, | ) | TRUSTEE'S OBJECTION TO |
| | ) | CONFIRMATION |
| | ) | |
| | ) | DATE: NOVEMBER 19, 2024 |
| | ) | T TIME: 9:00 A.M. |
| | ) | JUDGE: CLEMENT |
| Debtor | ) | COURTROOM: 28, 7TH FLOOR |

DAVID P. CUSICK, TRUSTEE, objects to confirmation of the Debtor's Plan, (DN 14), and does not recommend its confirmation.

The Trustee objects to confirmation as follows:

I. **OVER DEBT LIMITS**. The Debtor is not eligible for Chapter 13 relief under 11 U.S.C. § 109(e). Schedule D, (DN 16), shows the Debtor listed creditors, Guild Mortgage for $538,178.00 (Page 1, #2.1), FCI Lender Services for $712,581.46, (#2.2), US Small Bus. Admin. For $87,914.92, (Page 2, #2.3), Robert and Judy Dronberger for $400,000.00, (Page 3), which all creditors are secured by property located at 2722 Latham Drive, Sacramento, CA 95864, which total $1,738.674.38; Land Rover Financial Group for a 2022 Land Rover for $17,665.66, (Page 2, #2.4); Chrysler Capital for a 2021 Jeep Grand Cherokee for $16,562.00, (#2.5); Ford

1

Credit for 2022 Ford F150 for $58,522; and, PNC Bank for real property located at 820 Evergreen Dr., Lodi, CA 95240 for $217,753.00, (Page 3).

The limit for Chapter 13 eligibility under 11 U.S.C. §109(e) for noncontingent liquidated debts for secured claims is $1,395,875.00, and for unsecured claims is $465,275.00.

The total amount for the above listed creditors is $2,049,177.04, which is $653,302.04 over the debt limit, ($2,049,177.04-$139,5875.00). The Trustee intends to file a Motion to Dismiss this case and set it for a hearing on November 19, 2024.

II. **WRONG FORM PLAN**. Debtor has used the wrong form plan using Official Form 113 for the plan, (DN 14.) LBR 3015-1 requires local form EDC 3-080 to be used for the plan as allowed under FRBP 3015.1.

III. **ABILITY TO MAKE THE PAYMENTS.** The Debtor cannot make the Plan payments, does not appear to able to comply with the Plan to have the ability to make the Plan payments and has failed to carry the burden of showing that the Plan complies with 11 U.S.C. §1325(a)(6). Debtor has failed to provide make a Plan payment, provide required information to the Trustee and accurately disclose information in the Plan.

1. SOCIAL SECURITY NUMBER AND ID VERIFICATION NOT PROVIDED. The Debtor failed to submit proof of her Social Security number and identification to the Trustee, by uploading the documents to www.bkdocs.us, prior to the First Meeting of Creditors, as required pursuant to FRBP 4002(b)(1), which was held at 11:00 a.m., on October 24, 2024. The Trustee continued the meeting until 2:00 p.m., on November 21, 2024.

2. DELINQUENCY. The Debtor's first Plan payment of $2,000.00 was due as of October 25, 2024, and has not been paid, contrary to 11 U.S.C. §§132(a)(2) & (6). The Debtor admitted at the First Meeting Creditors that due to the secure creditor having a balloon payment, she does not think that she can afford to make the Plan payments.

3. NOT ALL TAX RETURNS FILED. 11 U.S.C. §1325(a)(9) requires the Debtor to have filed all applicable tax returns for the four years prior to filing and provide the Trustee with a copy of the last filed federal tax return. The Debtor admitted at the First Meeting of Creditors that she has not filed all tax returns required for the past four (4) years, including as required for the corporation.

4. <u>FAILED TO PROVIDE BUSINESS DOCUMENTS</u>. The Debtor has failed to provide documents requested by the Trustee as required by the Plan, (Page 6, §6.02), and FRBP 4002(a)(4) and has also failed to provide six (6) months of profit and loss statements and six (6) months of bank statements for all bank accounts, 11 U.S.C. §521(e)(2)(A); FRBP 4002(b)(3). A business questionnaire and request for documents was mailed to the Debtor on October 9, 2024.

5. <u>DOCUMENTS ARE WRONG, INACCURATE AND/OR UNRELIABLE</u>. The Debtor has filed various documents with the Court, which lack signature(s), incomplete, and/or unreliable. More particularly, the Trustee's initial review of the Debtor's documents shows the following:

A) WRONG PLAN FORM. The Debtor has not correctly utilized the Chapter 13 Plan standard form. Local Rule 3015-1(a) states that the mandatory form Plan EDC 003-080 shall be utilized as the standard form. According to the Court's website (www.caeb.uscourts.gov) form EDC 003-080 is effective as of November 9, 2018. The Debtor filed a Plan, (DN 14), approved by the United States Bankruptcy Court, Official Form 113, which is not used in the Eastern District of California Court.

B) Voluntary Petition,(DN 1): The Debtor failed to sign the Voluntary Petition, (Page 9).

C) OFFICIAL FORM 122C-2: Official Form 122C-1, (DN 15), shows the Debtor median income for a household of three (3) is $109,458.00, (Page 3, #20c.), and the Debtor's income as $132,024.00, (#20b.), which is over median income by $22,566.00, ($132024-$109458). The Debtor failed to complete the calculation for the means test by filing Official Form 122C-2.

D) The Statement of Financial Affairs, (hereinafter referred to as SOFA): The Debtor identifies she is not married, (DN 17, Page 41,#1); however, Question #9 shows the Debtor has a pending divorce proceeding, (Page 45). Additionally, Question #9 give no case number or Court address for the pending matter of Smart Business v. Fluetsch.

E) Schedule A/B, (DN 17): The Debtor admitted at the First Meeting of Creditors she has settlements for $90,000.00 coming the in near future for her pending cases that are settling. A review Part B, Question #38, shows the Debtor check "No" for any accounts receivables or any other answer in this section identifying this business asset, (Pages 10-11).

3

Based on just these few inaccuracies the Trustee discovered in the initial review of the documents, and not being able to do a complete examination of the Debtor, the Trustee questions if the schedules and documents filed with the Court are complete accurately and if the information contained herein is reliable.

WHEREFORE, the movant prays that the Court enter an order denying confirmation of the Debtor's Plan.

Dated: October 29, 2024  /s/ Neil Enmark
Neil Enmark, Attorney for Trustee