**4**

DAVID P. CUSICK, TRUSTEE, #160467
NEIL ENMARK, #159185, attorney for Trustee
KRISTEN A. KOO, #230856, attorney for Trustee
P.O. Box 1858
Sacramento, California 95812-1858
legalmail@cusick13.com
(916) 856-8000

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No: 24-24120-A-13C |
| | ) | DCN: DPC-2 |
| | ) | |
| KRISTINA L. FLEUTSCH, | ) | TRUSTEE'S MOTION TO |
| | ) | DISMISS CASE |
| | ) | |
| | ) | DATE: NOVEMBER 19, 2024 |
| | ) | TIME: 9:00 A.M. |
| | ) | JUDGE: CLEMENT |
| Debtor | ) | COURTROOM: 28, 7th FLOOR |

DAVID P. CUSICK, STANDING CHAPTER 13 TRUSTEE, hereby moves the Court for an order dismissing this case pursuant to 11 U.S.C. §1307(c)(1) (unreasonable delay) as follows:

1. **OVER DEBT LIMITS**.   The Debtor is not eligible for Chapter 13 relief under 11 U.S.C. § 109(e).  Schedule D, (DN 16), shows the Debtor listed creditors, Guild Mortgage for $538,178.00 (Page 1, #2.1), FCI Lender Services for $712,581.46, (#2.2), US Small Bus. Admin. For $87,914.92, (Page 2, #2.3), Robert and Judy Dronberger for $400,000.00, (Page 3),  which all creditors are secured by property located at 2722 Latham Drive, Sacramento, CA 95864,

which total $1,738.674.38; Land Rover Financial Group for a 2022 Land Rover for $17,665.66, (Page 2, #2.4); Chrysler Capital for a 2021 Jeep Grand Cherokee for $16,562.00, (#2.5); Ford Credit for 2022 Ford F150 for $58,522; and, PNC Bank for real property located at 820 Evergreen Dr., Lodi, CA 95240 for $217,753.00, (Page 3).

The limit for Chapter 13 eligibility under 11 U.S.C. §109(e) for noncontingent liquidated debts for secured claims is $1,395,875.00, and for unsecured claims is $465,275.00.

The total amount for the above listed creditors is $2,049,177.04, which is $653,302.04 over the debt limit, ($2,049,177.04-$139,5875.00).

2. **WRONG FORM PLAN**. Debtor has used the wrong form plan using Official Form 113 for the plan, (DN 14.) LBR 3015-1 requires local form EDC 3-080 to be used for the plan as allowed under FRBP 3015.1.

3. **SOCIAL SECURITY NUMBER AND ID VERIFICATION NOT PROVIDED.** The Debtor failed to submit proof of her Social Security number and identification to the Trustee, by uploading the documents to www.bkdocs.us, prior to the First Meeting of Creditors, as required pursuant to FRBP 4002(b)(1), which was held at 11:00 a.m., on October 24, 2024. The Trustee continued the meeting until 2:00 p.m., on November 21, 2024.

4. **DELINQUENCY.** The Debtor's first Plan payment of $2,000.00 was due as of October 25, 2024, and has not been paid. The Debtor admitted at the First Meeting Creditors, held on October 24, 2024, that due to the secure creditor having a balloon payment, she does not think that she can afford to make the Plan payments.

5. **NOT ALL TAX RETURNS ARE FILED.** 11 U.S.C. §1325(a)(9) requires the Debtor to have filed all applicable tax returns for the four years prior to filing and provide the Trustee with a copy of the last filed federal tax return. The Debtor admitted at the First Meeting of Creditors that she has not filed all tax returns required for the past four (4) years, including as required for the corporation.

6. **FAILED TO PROVIDE BUSINESS DOCUMENTS**. The Debtor has failed to provide documents requested by the Trustee as required by the Plan, (Page 6, §6.02), and FRBP

4002(a)(4) and has also failed to provide six (6) months of profit and loss statements and six (6) months of bank statements for all bank accounts, 11 U.S.C. §521(e)(2)(A); FRBP 4002(b)(3). A business questionnaire and request for documents was mailed to the Debtor on October 9, 2024.

      7. **DOCUMENTS ARE WRONG, INACCURATE AND/OR UNRELIABLE**.

The Debtor has filed various documents with the Court, which lack signature(s), incomplete, and/or unreliable. More particularly, the Trustee's initial review of the Debtor's documents shows the following:

      A) VOLUNTARY PETITION, (DN 1): The Debtor failed to sign the Voluntary Petition, (Page 9).

      B) OFFICIAL FORM 122C-2: Official Form 122C-1, (DN 15), shows the Debtor median income for a household of three (3) is $109,458.00, (Page 3, #20c.), and the Debtor's income as $132,024.00, (#20b.), which is over median income by $22,566.00, ($132024-$109458). The Debtor failed to complete the calculation for the means test by filing Official Form 122C-2.

      C) STATEMENT OF FINANCIAL AFFAIRS, (hereinafter referred to as SOFA): The Debtor identifies she is not married, (DN 17, Page 41, #1); however, Question #9 shows the Debtor has a pending divorce proceeding, (Page 45). Additionally, Question #9 gives no case number or Court address for the pending matter of Smart Business v. Fluetsch.

      D) SCHEDULE A/B, (DN 17, Pages 3-): The Debtor admitted at the First Meeting of Creditors, the Debtor stated she has settlements for $90,000.00 coming the in near future for her pending cases that are settling. A review Part B, Question #38, shows the Debtor check "No" for any accounts receivables or any other answer in this section identifying this business asset, (Pages 10-11).

      E) SCHEDULE C, (DN 17, Pages 14-15), the Debtor has used two (2) different sets of exemptions, the exemptions are vague, and the Debtor has not specifically cited the full code to use the exemption. Additionally, marked the box that the assets are 100% exempt of fair market value, up to any applicable statutory limit and failed to cite any authority for the proposition that she is entitled to such exemption.

9. **BEST INTEREST OF CREDITORS**. According to the Trustee's records, there is $2,032,115.96 in the assets listed on Schedules A/B, (DN 17), which are identified in part as follows:

| | | |
|---|---|---|
| 2722 Latham Drive | $95,425.62 | (Page 3, #1.1) |
| 820 Evergreen Drive | $292,247.00 | (Page 3, #1.2) |
| 1221 S. Pleasant Ave. | $381,500.00 | (Page 4, #1.3) |
| 2018 Edwood Drive | $303,500.00 | (Page 13, #1.4) |
| 115 W. Walnut Street | $400,000.00 | (Page 13, #1.5 |
| 2021 Jeep Grand Cher | $3,438.00 | (Page 4, #3.1) |
| 2022 Land Rover Discovery | $22,334.34 | (Page 5, #3.3) |
| Household Goods | $5,000.00 | (Page 6, #6) |
| Electronics | $5,000.00 | (Page 6, #7) |
| Equipment for Sports and Hobbies | $2,000.00 | (Page 6, #9) |
| Clothes | $1,000.00 | (Page 6, #11) |
| Jewelry | $15,000.00 | (Page 6, #12) |
| Bank of Stockton Checking account | $1,898.00 | (Page 7, #17.1) |
| BMO Checking account | $2,273.00 | (Page 7, #17.2) |
| Office Equipment | $1,500.00 | (Page 10, #39) |
| Business related property | $500,000.00 | (Page 11, #44) |

The Trustee recommends dismissal, rather than a conversion to Chapter 7, where this is Debtor's first filing and the Trustee is not certain all debts have been scheduled and the pending business and family law matter, (DN 17, Page 11, #43 family law trial set for Feb, 2025 valued at $1,000,000.00),  may be sufficient to service the debts involved.

According to the Trustee's records, this case has not previously been converted from another chapter.

WHEREFORE, the Trustee asks that the Court grant an order dismissing this proceeding.


Dated: November 4, 2024                    /s/ Neil Enmark
                                           Neil Enmark, Attorney for Trustee

4