KRISTINA L. FLUETSCH
2443 Fair Oaks Blvd., No. 499
Sacramento, Ca 95825
Telephone (209) 367-8888

Debtor in Pro Per

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTINA LYNN FLUETSCH,<br><br>　　　　Debtor | Case No. 24-24120-A-13C<br><br>**OPPOSITION TO MOTION TO DISMISS; CONTINUANCE OF HEARINGS**<br><br>**Hearing Date: 11/19/2024**<br>**Time:　　　　9:00 a.m.**<br>**Courtroom:　28, 7th Floor**<br>**Judge:　　　Hon Clement** |

Debtor in Pro Per submits the following Opposition to the Trustee's Motion to Dismiss and requests a Continuance of the Hearings:

**I. REQUEST FOR CONTINUANCE OF THE HEARINGS**

Debtor filed the Chapter 13 Petitioner and supporting schedules without assistance of counsel. At the time of the creditor's meeting, the trustee voiced his intention to file this motion to dismiss. Subsequently, debtor has been looking for competent bankruptcy counsel to hire and, if necessary, convert this Chapter 13 bankruptcy into either a Chapter 11 or a Chapter 7, or to amend the Chapter 13 plan.

Accordingly, debtor requests a 90-120 day continuance of these motions in order to allow her time to (1) retain counsel, and (2) decide to amend the Chapter 13 plan, or convert to a Chapter 11 or a Chapter 7 plan.

## II. MOTION TO DISMISS

Debtor also opposes the motion to dismiss on the following grounds:

### 1. Over Debt Limits

The trustee states that 11 U.S.C. 109(e) for secured noncontingent claims is $1,395,875, and that debtors' schedules show $2,049,177. The trustee therefore argues that the debtor is $653,302 over the limit.

In reviewing the motion, the debtor notes four issues with the debtor's schedules which have an impact on this issue of the amount of the secured debt:

(1) Debtor inadvertently characterized an unsecured loan for $400,000 as a secured loan. In consulting bankruptcy counsel, it has come to Debtor's attention that the $400,000 loan in favor of the Dronbergers is not a secured loan.

(2) PNC mortgage is under the name of Nora Fluetsch in the amount of $217,753. Technically, it is not the debtor's loan (although the debtor makes the loan payments.)

(3) The vehicles encumbered by Land Rover Financial Group and Chrysler Capital are titled in the name of the business, Fluetsch & Fluetsch, and should not been listed as part of the bankruptcy. Thus, those two loans should not be part of the plan and will be removed from the amended Chapter 13 plan.

(4) The loan amount for FCI Lender Services is incorrectly stated. Debtor put the amount of the secured indebtedness at $712,581. That amount is incorrect, however,

and includes late fees, late interest payments, and foreclosure costs of $18,156.69.

Thus, that entire amount is not secured.

Accordingly, removing the Dronberger's loan, the PNC mortgage, two of the vehicles from the list of secured creditors, and the foreclosure costs from the FCI loan brings the debt limit within the jurisdiction of the court.

| | | |
|---|---|---|
| Guild Mortgage: | $ 538,178 | |
| FCI: | $ 712,851<br>-   18,156<br>$ 694,695 | + 694,695 |
| Ford: | | + 58,522 |
| SBA: | | + 87,914 |
| Total Secured: | $ 1,379,309 | |
| Total Allowed: | $ 1,395,875 | |

If the Court believes that the debtor is still outside the secured limit, then debtor requests a continuance to allow counsel time to convert the plan from a Chapter 13 to a Chapter 11 or a Chapter 7.

### 1. Wrong Form Plan

As noted, Debtor filed the Chapter 13 without assistance of counsel. She did not know that the plan on the U.S. Bankruptcy court's website was not proper, and that she had to use a local form. Accordingly, debtor requests a continuance to obtain counsel to use the proper local court form(s).

### 2. Social Security Number and ID Not Provided

Debtor shall file those forms as requested by the trustee.

### 3. Delinquency of First Payment Plan

At the time of the creditor's meeting, the trustee asked the debtor if the payment had been made. Debtor stated that she had not received any mail from the trustee on the bankrtupcy, and did not know where or when to make the first payment plan. At that time, the trustee stated, unequivocally, that the motion to dismiss was going to be granted by the court due the fact that the secured claims were too high for a Chapter 13 bankrtupcy. Debtor accordingly did not make the first plan payment. Debtor is prepared to make the payment at this time if the court denies the motion to dismiss, allows an amended plan to be filed, or continues the motion to allow time to convert the bankruptcy to a Chapter 11 or 7.

### 4. Tax Returns

At the time of the creditor's meeting, the debtor stated that all of her tax returns were filed. She noted, however, that a corporation which she was an owner had not yet filed USE tax returns.

The debtor has filed individual tax returns for all years, including the last 4 years. The only tax return outstanding is for 2024, which is not yet due.

### 5. Business Documents

Debtor received no request from the trustee for business documents. If the event this continuance is granted, or the motion to dismiss is denied, documents will be produced as requested in the motion to dismiss.

### 6. Inaccurate / Unreliable Documents

1. The voluntary petition was signed by the debtor. The debtor is not sure if the signature appeared in the electronic filing or not.

2. Means Test Calculation: The trustee states that Form 122C-2 is incorrect because the debtor did not use the "means test." The debtor did not knowingly fail to use the "means test", and frankly, this issue clearly demonstrates that counsel is needed for the debtor to proceed. As such, a continuance is proper.

3. Statement of Financial Affairs – Issue of Married or Not: The debtor and her former spouse bifurcated their dissolution proceeding. Thus, they are no longer married. The divorce proceeding itself, however, is not final because the property and support issues remain unresolved.

4. Schedule A/B – Debtor is a personal injury attorney; she has no "account receivables" per se. She anticipates settling some cases before the end of the year, and she gave the trustee that information in order to be as complete as possible. Anticipated settlements are not, however, an "account receivable."

5. Schedule C – Exemptions. Debtor clearly require an attorney to amend her exemptions. As such, a continuance is proper.

**7. Best Interest of Creditors**

The trustee's last position is that it is in the best interest of the creditors to dismiss the bankruptcy. Of course it is. This is debtor's first attempt at filing a Chapter 13, without counsel, and, as such, requests a continuance of the motion.

///

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on this 14th day of November, 2024, at Sacramento, Ca.

_____
Kristina L. Fluetsch