KRISTINA L. FLUETSCH
2443 Fair Oaks Blvd., No. 499
Sacramento, Ca 95825
Telephone (209) 367-8888

Debtor in Pro Per

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTINA LYNN FLUETSCH,<br><br>　　　　Debtor | Case No. 24-24120-A-13C<br><br>**OPPOSITION TO OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN; DEBTOR'S REQUEST FOR CONTINUANCE OF HEARING**<br><br>**Hearing Date: 1/22/2025**<br>**Time:　　　　9:00 a.m.**<br>**Courtroom:　28, 7th Floor**<br>**Judge:　　　Hon Clement** |

Debtor in Pro Per submits the following Opposition to the Trustee's Objection to Confirmation of the Chapter 13 Plan; and Debtor in Pro Per requests a Continuance of the Hearings:

**I.　REQUEST FOR CONTINUANCE OF THE HEARINGS**

Debtor filed the Chapter 13 Petitioner and supporting schedules without assistance of counsel. At the time of the creditor's meeting, the trustee voiced his intention to file amotion to dismiss, which he did. Subsequently, debtor has been looking for competent bankruptcy counsel to hire and, if necessary, convert this Chapter 13 bankruptcy into either a Chapter 11 or a Chapter 7, or to amend the Chapter 13 plan.

　　　　　　　　　　　　　　　　　1　　　Response to Objection to Confirmation of Plan

Accordingly, debtor requests a 90-120 day continuance of this objection to the confirmation of the Chapter 13 plan in order to allow her time to (1) retain counsel, and (2) decide to amend the Chapter 13 plan, or convert to a Chapter 11 or a Chapter 7 plan.

## II. OBJECTION TO CONFIRMATION OF PLAN

Debtor also opposes the Trustee's Objection to Confirmation of the Chapter 13 Plan:

### A. Over Debt Limits

The trustee states that 11 U.S.C. 109(e) for secured noncontingent claims is $1,395,875, and that debtors' schedules show $2,049,177. The trustee therefore argues that the debtor is over the secured claims limit. After reviewing the schedules, and consulting with counsel, Debtor has filed amended schedules. Basically, these schedules have removed debts and assets that are subject to the decisions of the Family Law Court which matter is set for trial in February 2025. Moreover, the loan amount for one of the secured debts was listed incorrectly. Thus, the secured loans are the following:

| # | Description | Amount |
|---|---|---|
| 1. | Guild Mortgage: First mortgage on 2722 Latham | $ 538,178.00 |
| 2. | FCI Lender: Second mortgage on 2722 Latham | 590,024.00 |
| 3. | US Small Bus. Admin: Third mortgage on 2722 Latham | 87,947.66 |
| 4. | Ford Motor Credit: Secured by Ford F150 Truck | 56,522.00 |
| 5. | Land Rover Financia; Secured by 2022 Land Rover | 17,665.66 |
| 6. | Chrysler Capital: Secured by 2021 Jeep | 16,562.00 |
|   | Total | $ 1,308,866.58 |
|   | Total Allowed | $ 1,395,875.00 |

Given the amended schedules, the debtor is now within the jurisdiction of a Chapter 13 bankruptcy.

If the Court believes that the debtor is still outside the secured limit, then debtor requests a continuance to allow counsel time to convert the plan from a Chapter 13 to a Chapter 11 or a Chapter 7.

**B. Wrong Form Plan**

Concurrently with the filing of this opposition, Debtor in Pro Per has filed a Chapter 13 plan on the approved local court form.

**C. Ability to Make Payments**

1. <u>Social Security Number and ID Verification</u>: These documents were uploaded with the Court.

2. <u>Delinquency</u>: The payment was not paid because the debtor did not know where to send the payment, and due to the objection to the plan, the debtor does not know if payment is now due. If payment is due, debtor will make the plan payment.

3. <u>Not all Tax Returns Filed</u>: The only tax return not filed is a Use Tax Return for the former corporation, Fluetsch & Fluetsch. While Use Tax Returns are technically required by a business, it is not a tax return that would be used report any income. Further, the business itself is not part of this bankruptcy or the Chapter 13 plan. However, given the trustee's objection, the use tax returns have been filed and copies have been provided to the trustee. Additionally, Debtor has provided the trustee with a copy of her "last filed federal return."

4. <u>Failure to Provide Business Documents.</u> The debtor did not receive any request from the trustee to provide any documents. The debtor hereby requests that the trustee send her any such requests by email, if possible, to kfluetsch@me.com, or by mail to her mailing address at 2443 Fair Oaks Blvd., No. 499, Sacramento, Ca 95825, or by mail to her residence at 2722 Latham Dr., Sacramento, Ca 95864.

3     Response to Objection to Confirmation of Plan

As the debtor has already told the trustee at the first meeting of creditors, the debtor did not receive the "business questionnaire" or the request for documents from the trustee. At the meeting of creditors, debtor specifically informed the trustee that those documents had not been received. The trustee could have re-sent them, but he did not do so. Accordingly, at this time, the debtor still has not received the business questionnaire or the request for documents. The debtor does not know how to get the document requests, or the questionnaire, unless the trustee re-sends them.

In the objection filed by the trustee, the objection requests six months of profit and loss statements, six months of business bank accounts, and two years of federal tax returns. Those have been provided to the trustee. Any other information can, and will be provided, if the trustee will simply re-send the requests or let the debtor know where the requests can be found.

5. <u>Documents are "Wrong, Inaccurate and/or Unreliable."</u>

    a. Wrong Plan Form: As discussed above, the debtor has submitted the correct plan form.

    b. Signature on Voluntary Petition: A copy of the signed petition has been given to the trustee.

    c. Official Form 122C-2: Debtor has performed the requested calculation and has provided that to the trustee. An amended schedule has been filed with the court.

    d. Statement of Financial Affairs - Issue of Married or Not: The debtor and her former spouse bifurcated their dissolution proceeding. Thus, they are no longer married. The divorce proceeding itself, however, is not final because the property and support issues remain unresolved.

e. Statement of Financial Affairs – Missing Case Number: The trustee objects that no case number was provided with regard to the case entitled "Smart Business v Kristina Fluetsch, et al." The case was filed in Monroe County, New York on Feb. 29, 2024 The case number is E2024003855

f. Schedule A/B (Question 38): Debtor is a personal injury attorney. Her firm does not have "accounts receivable". The trustee has mis-construed the debtor's comments at the First Meeting of Creditors. At that meeting, the debtor stated that she hoped to have settlements of $90,000 coming into the firm by the end of the year. First, settlements of $90,000 does not mean that the debtor collects a fee of $90,000. Fees for personal injury cases range from 25% to 40% of the amount collected. Second, hoping to get claims settled before the end of the year is hardly the same as an "accounts receivable" that would be listed in response to Question 38. Anticipated settlements are not, however, an "account receivable."

I declare under penalty of per jury that the foregoing is true and correct, and that this declaration was executed on this 4th day of December, 2024 at Sacramento, Ca.

_____
Kristina L. Fluetsch