**3**

1 GABRIEL P. HERRERA, State Bar No. 287093
*gherrera@kmtg.com*
2 KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Professional Corporation
3 1331 Garden Hwy, 2nd Floor
Sacramento, California 95833
4 Telephone: (916) 321-4500
Facsimile: (916) 321-4555

Attorneys for NIKKI B. FARRIS,
Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>KRISTINA LYNN FLUETSCH,<br><br>Debtor. | Case No. 24-24120<br>Chapter 7<br><br>DCN: KMT-1<br><br>**APPLICATION TO EMPLOY KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD PURSUANT TO AN HOURLY FEE AGREEMENT**<br><br>[Hearing Not Required] |

NIKKI B. FARRIS ("Trustee"), in her capacity as the Chapter 7 trustee for the bankruptcy estate of KRISTINA LYNN FLUETSCH ("Debtor"), hereby applies to employ Kronick, Moskovitz, Tiedemann & Girard (collectively "KMTG") as general counsel pursuant to an hourly fee agreement. In support thereof, the Trustee provides as follows:

1. On or about September 16, 2024, the Debtor commenced the above-captioned bankruptcy case by the filing of a voluntary Chapter 13 petition.

2. On or about January 24, 2025, the Court entered an order converting the case to a case under Chapter 7. The Trustee is the duly appointed Chapter 7 trustee for the Debtor's bankruptcy estate.

3. By this application, the Trustee seeks to employ KMTG to serve as the estate's general counsel to, among other things, assist the Trustee in investigating and liquidating potential

1 assets of the bankruptcy estate, including real properties located in Sacramento, San Joaquin, and
2 Yolo Counties, and claims asserted against such assets. In addition, KMTG will assist with issues
3 related to a subsequent Chapter 11 filing.

4      4.      The Trustee requests that the effective date of KMTG's employment, if approved, be
5 January 27, 2025, pursuant to Local Rule 2014-1(b)(1).

6      5.      As set forth in the supporting declaration, the Trustee desires court approval to
7 employ KMTG since attorneys at KMTG are experienced and well qualified to handle complex
8 bankruptcy matters. The terms of the employment consist of an hourly fee per lodestar for all
9 services.

10      6.      The current hourly rates of KMTG attorneys who may work on this matter are:

| | |
|---|---|
| Gabriel P. Herrera | $375 |
| Bret R. Rossi | $425 |
| Shareholders/Of Counsel/Senior Counsel | $380-$690 |
| Senior Associates | $325-$475 |
| Associate Attorneys | $275-$425 |
| Paralegals | $190-$265 |
| Law Clerk/Document Clerk | $190-$265 |

18      7.      An hourly fee agreement is in the best interest of the estate for the services KMTG
19 will provide.

20      8.      Gabriel P. Herrera has caused a conflicts check to be performed on behalf of KMTG.
21 The names checked by Mr. Herrera and KMTG's staff include the names of the Debtor, the United
22 States Trustee, and the names of all of the persons or entities listed in the creditors' mailing matrix.

23      9.      As disclosed in the supporting declaration of Mr. Herrera, Mr. Herrera has
24 represented the Trustee and other bankruptcy trustees in connection with their duties as trustee in
25 bankruptcy matters unrelated to this case. The United State Trustee and persons employed by the
26 Office of the United States Trustee have also been involved in those matters. In addition, KMTG
27 has been involved in matters on behalf of creditors, unrelated to this case, in which the Trustee and
28 other trustees have been and are involved.

Filed 02/03/25    Case 24-24120    Doc 140

10. JP Morgan Chase Bank, N.A., Chase, and Wells Fargo are listed on the matrix. Certain members of KMTG, including Mr. Herrera, have deposit and/or credit accounts with these entities. Likewise, Mr. Herrera has a home mortgage with Chase.

11. J. Russell Cunningham is listed on the matrix. Out of the abundance of caution, Mr. Herrera discloses that he was formerly employed with Mr. Cunningham's firm, Desmond, Nolan, Livaich & Cunningham, from about 2012 to 2016. Mr. Herrera and Mr. Cunningham have worked on various matters opposite one another since 2016 and Mr. Herrera does not believe any conflict exists.

12. Except as set forth above, KMTG and its members have no connections with the Debtor, creditors, or any party-in-interest, their respective attorneys, accountants, or the U.S. Trustee, or any employee of the U.S. Trustee. Each member of KMTG is a disinterested person as that term is defined in 11 U.S.C § 101(14).

**WHEREFORE,** the Trustee requests that the Court approve her employment of KMTG as her counsel to perform the professional services required by her, and further, that the fees and expenses incurred as a result be allowed as an administrative expense, payable from funds of the estate upon application pursuant to 11 U.S.C. § 330.

DATED: February 3, 2025

By: _____
NIKKI B. FARRIS,
Chapter 7 Trustee

4909-5746-1524.1 014992.054    3
APPLICATION TO EMPLOY KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
PURSUANT TO AN HOURLY FEE AGREEMENT