1 JaVonne M. Phillips, Esq. SBN 187474
2 Jennifer C. Wong, Esq. SBN 246725
**McCarthy & Holthus, LLP**
3 2763 Camino Del Rio South, Suite 100
San Diego, CA 92108
4 Phone (877) 369-6122
5 Fax (619) 685-4811

6 Attorneys for:
Ford Motor Credit Company LLC
7

8

9 UNITED STATES BANKRUPTCY COURT

10 EASTERN DISTRICT OF CALIFORNIA

11 SACRAMENTO DIVISION

| | |
|---|---|
| In re: | ) Case No. 24-24120 |
| | ) |
| Kristina Lynn Fluetsch aka Kristina Lynn Thornton, | ) DC No.: JCW-2 |
| | ) |
| | ) Chapter 7 |
| Debtor. | ) |
| _____ | ) |
| Ford Motor Credit Company LLC, | ) **MOTION FOR RELIEF FROM** |
| | ) **AUTOMATIC STAY** |
| Secured Creditor, | ) |
| v. | ) |
| | ) Date: 03/24/2025 |
| Kristina Lynn Fluetsch aka Kristina Lynn Thornton, Debtor; and Nikki B. Farris, Chapter 7 Trustee, | ) Time: 10:30AM |
| | ) Ctrm: 28, 7th Floor |
| | ) Place: 501 I Street |
| | ) Sacramento, CA |
| Respondents. | ) |
| | ) |
| | ) Judge: Fredrick E. Clement |
| _____ | ) |

Ford Motor Credit Company LLC ("Secured Creditor" or "Movant" herein), moves this

Court for an Order Terminating the Automatic Stay of 11 U.S.C. § 362 as to moving party under

the Retail Installment Sale Contract – Simple Finance Charge (with Arbitration Provision) so that moving party and its agents may commence and continue all acts necessary to repossess under the Retail Installment Sale Contract – Simple Finance Charge (with Arbitration Provision) ("The Contract") secured by the Debtor's personal property, commonly known as 2022 Ford F150 SuperCrew Cab Platinum Pickup 4D 5 1/2 ft VIN: 1FTFW1E89NFA95708 ("Property" herein).

      A copy of Secured Creditor's Relief from Stay Information Sheet is filed concurrently herewith as a separate document pursuant to Local Rules of Court.

      Debtor(s) executed a Retail Installment Sale Contract – Simple Finance Charge (with Arbitration Provision) secured by Debtor's Vehicle, 2022 Ford F150 SuperCrew Cab Platinum Pickup 4D 5 1/2 ft VIN: 1FTFW1E89NFA95708. See **Exhibit "A"**. Subsequent to the execution of the Contract, Movant perfected its security interest in the Vehicle by recording its lien on the "Certificate of Title" with the California DMV. See a copy of the Title Document attached as **Exhibit "B".**

      Pursuant to 11 U.S.C. §362(d)(1), Movant is entitled to relief from the automatic stay to enforce its lien for cause, including whether Movant is adequately protected. Movant is not receiving regular monthly contractually payments and thus Movant is not adequately protected. Failure of Debtor to make payments to Movant as required by the Contract constitutes cause for relief from stay. Debtor is delinquent under the Contract. As stated in the attached Declaration, the Debtors have failed to make approximately 5 contractual payments. Secured Creditor is unfairly delayed from proceeding with the repossession of the Vehicle.

      Pursuant to 11 U.S.C §362(d)(2), Movant is also entitled to relief from the automatic stay if the Debtor does not have an equity in such property and such property is not necessary to an effective reorganization. A lack of equity in a Chapter 7 can constitute cause for lifting the stay under 11 U.S.C § 362(d)(2). Whether the property is necessary for an effective reorganization is not contemplated in a Chapter 7 so the only issue is whether there is equity in the Property for the estate. In re Preuss, 15 B.R. 896, 897 (9th Cir. BAP 1981).

///

2     File No. CA-25-181034/ Case No. 24-24120
Motion for Relief from Automatic Stay

The current market value of the Vehicle is $46,877.00, based upon a current Kelley Blue Book Report. **See Exhibit "C"** which is a copy of the Kelley Blue Book Report.

In the present case, the Debtor has no equity in the Vehicle:

| | | |
|---|---|---:|
| Value | $ | 46,877.00 |
| Total Liens to Secured Creditor | $ | 58,314.78 |
| Equity | $ | (11,437.78) |

The value of the collateral is depreciating and continues to depreciate while no payments are being made. Based on the foregoing, Secured Creditor alleges that there is no equity in the Vehicle, the Vehicle is not necessary for an effective reorganization, and Secured Creditor is not adequately protected. Secured Creditor is not receiving regular monthly payments and is unfairly delayed from proceeding with repossession of the Vehicle. Accordingly, relief from the automatic stay should be granted to Secured Creditor pursuant to 11 U.S.C. §362(d)(1) and (2).

WHEREFORE, Secured Creditor prays for judgment as follows:

1. For an Order granting relief from the automatic stay, permitting Secured Creditor to proceed with the repossession under Secured Creditor's Contract, and to sell the subject Property at sale under the terms of the Contract to proceed with any and all post repossession sale remedies, including any other action necessary to obtain possession of the Property.
2. For an Order that the fourteen day stay described by Bankruptcy Rule 4001(a)(3) be waived.
3. For an Order modifying the automatic stay to protect Secured Creditor's interest, as the Court deems proper.
4. For such other relief as the Court deems proper.

Dated: February 12, 2025          McCarthy & Holthus, LLP

By:  /s/ Jennifer C. Wong
     Jennifer C. Wong, Esq.
     Attorney for Ford Motor Credit Company LLC