**3**

GABRIEL P. HERRERA, State Bar No. 287093
gherrera@kmtg.com
KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Professional Corporation
1331 Garden Hwy, 2nd Floor
Sacramento, California 95833
Telephone: (916) 321-4500
Facsimile: (916) 321-4555

Attorneys for NIKKI B. FARRIS,
Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>KRISTINA LYNN FLUETSCH,<br><br>Debtor. | Case No. 24-24120<br>Chapter 7<br><br>DCN: KMT-2<br><br>**APPLICATION TO EMPLOY REED BLOCK REALTY AS BROKER**<br><br>[Hearing Not Required] |

Nikki B. Farris ("Trustee"), in her capacity as the Chapter 7 trustee for the bankruptcy estate of KRISTINA LYNN FLUETSCH ("Debtor"), hereby applies to employ Reed Block Realty ("Broker") as the bankruptcy estate's real estate broker to market the estate's interest in certain real property generally located at 2722 Latham Drive, Sacramento, CA 95684 ("Subject Property"). In support thereof, the Trustee submits the following:

**JURISDICTION AND BACKGROUND**

1. Jurisdiction for the filing of this motion exists pursuant to 28 U.S.C. sections 157(b)(2)(A) and 1334; and 11 U.S.C. sections 328 and 330.

2. On or about September 16, 2024, the Debtor commenced the above-captioned bankruptcy case by the filing of a voluntary Chapter 13 petition.

3. On or about January 24, 2025, the Court entered an order converting the case to a case under Chapter 7. The Trustee is the duly appointed Chapter 7 trustee for the Debtor's bankruptcy estate.

4.	Among the scheduled assets of the Debtor's bankruptcy estate is the Debtor's interest in the Subject Property, valued at $2,750,000. The Debtor's Schedule D identifies claims against the Subject Property by Guild Mortgage in the amount of $535,206.00, Michael Gorenberg et al. in the amount of $758,541.00, Robert and Judith Dronberger in the amount of $422,000, the County of Sacramento in the amount of $20,102.94, and the U.S. Small Business Administration in the amount of $87,914.92. The Debtor also asserts a claim of exemption against the Subject Property in the amount of $550,000, claimed pursuant to Code of Civil Procedure section 704.730.

5.	On or about April 21, 2025, the Trustee and the Debtor executed an agreement (which is subject to bankruptcy court approval) that provides, among other things, for a meaningful reduction in the Debtor's asserted homestead exemption. The Trustee also believes claims exist against certain lienholders to either reduce or avoid claims entirely.

## RELIEF SOUGHT AND BASIS FOR RELIEF

6.	The Trustee seeks to employ the Broker to serve as the estate's real estate broker to market the Subject Property, pursuant to the listing agreement and addendum filed in support of this application. Upon the Broker's advice and the inspection of the Subject Property, the listing agreement provides for a listing price of $2,600,000.

7.	The Broker has agreed to advertise the Subject Property, show the Subject Property to interested parties, represent the estate as seller in connection with the sale of the Subject Property, and advise the Trustee with respect to obtaining the highest and best offer available in the present market for the Subject Property. The Broker has agreed to perform these services in return for a commission of 2.00% of the purchase price, with an additional 1.00% if there is no buyer's broker.

8.	The Trustee desires the Broker to market the Subject Property because the Broker has significant experience in marketing and selling real estate similar to the Subject Property. The commission fee charged by the Broker is the normal and reasonable residential commission fee charged for similar services. The Trustee is not seeking approval of the terms of the compensation set forth in the agreement. Such approval will be sought by subsequent application in conjunction with a proposed sale.

/ / /

9. The Broker understands that any sale of the Subject Property is subject to Bankruptcy Court approval and the Broker's employment and compensation in this matter are also subject to Bankruptcy Court approval.

10. Reed Block, on behalf of the Broker, has caused a conflicts check to be performed to determine if any conflicts of interest exist in this case between the Broker and interested parties. The names checked include the names of the Debtor, the United States Trustee, and the names of all of the persons or entities listed on the creditors' mailing matrix.

11. Mr. Block has disclosed that the Broker represents or has represented the Trustee in other matters unrelated to this case. The United States Trustee has also been involved in those matters.

12. Except as set forth above, no members of the Broker` have connections with the Debtor, creditors, or any party-in-interest, their respective attorneys, accountants, or the U.S. Trustee, or any employee of the U.S. Trustee. Each member of the Broker is a disinterested person as that term is defined in 11 U.S.C § 101(14).

**WHEREFORE**, the Trustee prays that her application be granted and for such other and further relief as the Court deems necessary and proper.

DATED: April 23, 2025

KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Professional Corporation

By: _____
Gabriel P. Herrera
Attorneys for NIKKI B. FARRIS,
Chapter 7 Trustee