7

GABRIEL P. HERRERA, State Bar No. 287093
*gherrera@kmtg.com*
KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Professional Corporation
1331 Garden Hwy, 2nd Floor
Sacramento, California 95833
Telephone: (916) 321-4500
Facsimile: (916) 321-4555

Attorneys for NIKKI B. FARRIS,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>KRISTINA LYNN FLUETSCH,<br><br>        Debtor. | Case No. 24-24120<br>Chapter 7<br><br>DCN: KMT-3<br><br>**MOTION TO APPROVE COMPROMISE WITH THE DEBTOR**<br><br>Judge:   Hon. Fredrick E. Clement<br>Date:    June 9, 2025<br>Time:   10:30 a.m.<br>Dept.:   E, Crtrm 28, 7th Floor<br>          501 I Street<br>          Sacramento, CA |

NIKKI B. FARRIS ("Trustee"), in her capacity as the Chapter 7 trustee for the bankruptcy estate of Kristina Lynn Fluetsch ("Debtor"), hereby moves for approval of her settlement agreement ("Agreement") with the Debtor, which is subject to overbidding, that includes the following terms:

(a) In full satisfaction of the Trustee's claims pursuant to 11 U.S.C. section 522(q), the Debtor's claim of homestead exemption against certain real property generally located at 2722 Latham Drive, Sacramento, CA 95864 valued at $2,750,000 ("Real Property") shall be reduced to and deemed allowed in the amount of $275,000.

(b) Subject to the terms of the Agreement, the following assets shall be deemed abandoned pursuant to 11 U.S.C. section 554: (i) all claims to be adjudicated in the dissolution action against the Debtor's former spouse, Michael Fluetsch, in Sacramento County Family Law Case No.

22FL01922, including claims related to a marital settlement agreement ("Divorce Claims"); (ii) any claims the estate may have to the Debtor's personal injury law practice ("Law Practice").

## I.  JURISDICTION AND FACTUAL BACKGROUND

1.　　Jurisdiction for the Motion exists pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. § 1409.  Consideration for the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).　The relief sought is appropriate pursuant to Federal Rule of Bankruptcy Procedure 9019.

2.　　On or about September 16, 2024, the Debtor commenced the above-captioned bankruptcy case by filing a voluntary Chapter 13 petition, the case was converted to Chapter 7 on January 24, 2025.  The Trustee is the duly appointed Chapter 7 trustee for the Debtor's bankruptcy estate.

3.　　Among the assets of the Debtor's bankruptcy estate is the following: (a) the Real Property; (b) the Divorce Claims; and (c) the Law Practice.

**A.　The Real Property**

4.　　Through the Debtor's Amended Schedule A/B, the Debtor values the Real Property at $2,750,000.  The Debtor's Amended Schedule D identifies claims against the Real Property by Guild Mortgage in the amount of $535,206.00, Michael Gorenberg et al. in the amount of $758,541.00, Robert and Judith Dronberger in the amount of $422,000.00, the County of Sacramento in the amount of $20,102.94, and the U.S. Small Business Administration in the amount of $87,914.92.  The Debtor also asserts a claim of exemption against the Real Property in the amount of $550,000, claimed pursuant to Code of Civil Procedure section 704.730 ("Homestead Exemption").

5.　　The Gorenberg claimants and the Dronberger claimants have advised the Trustee of potential fraud claims.  The Trustee understands that the Gorenberg claimants believe the Debtor made misrepresentations related to a loan issued by them – that a portion of the loan was personal in nature as opposed to for commercial purposes.  The Trustee understands that the Dronberger claimants believe the Debtor made misrepresentations and/or failed to provide a notarized deed of

trust which prevented the Dronberger claimants from perfecting security interests in the Real Property.

6. Given the potential claims identified by the Dronberger claimants and the Gorenberg claimants, the Trustee believes she had claims to reduce the homestead exemption under 11 U.S.C. § 522(q). The Debtor disputes the claims made.

7. The deadline to object to the Debtor's discharge passed and neither the Dronberger claimants nor the Gorenberg claimants objected to the Debtor's discharge.

8. The Real Property is currently being marketed by the Trustee for $2,600,000.

**B.     The Divorce Claims**

9. The Divorce Claims arise from the Debtor's divorce.

10. First, the Debtor claims she has claims to have a marital settlement agreement entered into in October 2021 deemed unenforceable. The marital settlement agreement divided certain real estate and personal property, and the Debtor's former husband claims the parties have relied on the agreement in buying and selling real estate. The Debtor claims that if the marital settlement agreement is unenforceable she may be owed approximately $390,045.00.

11. Second, the Debtor claims that if the marital settlement agreement is enforceable she would be due approximately $58,000.

12. Third, the Debtor contends she may have claims to the former law practice she operated with her former husband. The former husband practiced in business and real estate litigation. The husband disputes any claim to his practice and asserts an interest in fees due to the Debtor.

13. The Debtor is unrepresented in the divorce proceeding.

14. The Debtor has provided numerous filings, documents and information related to the Divorce Claims. The Trustee believes the divorce proceeding is highly contentious and would cause significant expense to the estate.

15. It is the Trustee's opinion that the Divorce Claims would be extremely burdensome to the estate, particularly given the terms of the Agreement. Given the cost of litigation, the dispute involved, and the benefit the Trustee is receiving in the form of the Agreement, the Trustee also

believes that the Divorce Claims are of inconsequential value and benefit to the estate.

**C.     The Law Practice**

16.     The Debtor operates the Law Practice, a personal injury firm.  The Debtor claims that the Law Practice has no value as the cases she works on would not settle absent the work she continues to perform on the cases.  The Debtor also notes that the clients can switch to other counsel at any time.

17.     Through the Trustee's investigation, including reviewing the Law Practice's revenue from settlement of cases from 2024 through 2025, the Trustee does not believe there is any value or benefit to the estate associated with the Law Practice.  While the Trustee believes there could be claims related to contingency fees received post-petition, determining the value of effort performed pre-petition and post-petition would be cost-prohibitive.  Likewise, the Debtor's contingency fees post-petition from pre-petition matters (from September to April) is less than $70,000.  Moreover, as noted above, the Debtor contends that the claims had little to no value on the petition date as it was her services post-petition that resulted in the fees.

18.     A separate motion to abandon will be filed and set to be heard on the same day and time as this motion.

## II.     TERMS OF THE AGREEMENT

For good and valuable consideration and subject to Bankruptcy Court approval at a duly noticed hearing, the Trustee and Debtor entered into the Agreement that includes the following provisions:

> The Amount of the Homestead Exemption.  In full satisfaction of the Trustee's claims pursuant to 11 U.S.C. section 522(q), the Homestead Exemption shall be reduced to and deemed allowed in the amount of $275,000.

> Abandonment of Assets.  Subject to the terms provided in this Agreement, the following assets shall be deemed abandoned pursuant to 11 U.S.C. section 554: (a) the Divorce Claims; and (b) the Law Practice (collectively "Abandoned Assets").  The Abandoned Assets are burdensome and/or of no value or benefit to the estate.

## III.     BASIS FOR RELIEF

**A.     Authority for Approval of Compromise**

In determining whether the Agreement should be approved, the court should consider

whether the Agreement is fair and equitable.  *In re Planned Protective Services, Inc.,* 130 B.R. 94, 96 (Bankr.C.D.Cal.1991).  An agreement is fair upon consideration of the following facts: (1) the probability of success in the litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors and a proper deference to their reasonable views.  *In re A&C Properties*, 784 F. 2d 1377, 1381 (9th Cir. 1986).  "[A]n exhaustive investigation or mini-trial on the merits" is not required and a trustee's exercise of business judgment should be given deference.  *In re Spirtos*, 2006 WL 6811021, *10 (9th Cir.BAP 2006); see also *Goodwin v. Mickey Thompson Entertainment Group, Inc.*, 292 B.R. 415, 420 (9th Cir.BAP 2003).

**B.     Basis for Approval of the Compromise**

**1.     The probability of success in the litigation.**

This factor weighs in favor of the Agreement.  The Trustee is resolving the estate's claims under 11 U.S.C. § 522(q).  While the Trustee believes she has legitimate claims, the probability of success is ultimately unknown.  The Trustee would be particularly concerned that no creditor, including the Gorenberg claimants and the Dronberger claimants, commenced any claims under 11 U.S.C. § 523.  These facts significantly support the Agreement.

While the Agreement also includes the Trustee abandoning the estate's interest in the Divorce Claims and the Law Practice, the Trustee believes these claims are burdensome and/or of inconsequential benefit to the estate.  The net benefit to the estate will be significantly less than the reduction of the Homestead Exemption, which provides a significant benefit to the estate (i.e., an additional $275,000 for the benefit of the estate).

**2.     The difficulties in collection.**

This factor is neutral.  The claims at issue involves the objection to the Homestead Exemption under 11 U.S.C. § 522(q) which would reduce the exemption amount.  The Trustee also believes she would have difficulty in collecting anything from the Debtor on account of the Law Practice given the Debtor's financial situation.

/ / /

**3.      The complexity, expense, and inconvenience of the litigation involved.**

This factor heavily favors the Agreement.  The litigation over the Homestead Exemption would be highly factual and complex.  The Trustee would have to litigate whether the Debtor committed "fraud, deceit, or manipulation in a fiduciary capacity" and whether the Debtor owes a debt for such "fraud, deceit, or manipulation in a fiduciary capacity."  The complexity and highly factual nature of the litigation would also make litigation significantly expensive in the Trustee's opinion, which would also be inconvenient given that the Debtor would still be entitled to an approximate $200,000.00 exemption.  If litigation would be required to continue, the Trustee believes the estate would net less than the amount being provided on account of the Agreement (after considering the expense associated with litigation).  The Trustee also believes that the Divorce Claims and the claims to the Law Practice would be significantly expensive, exceeding any potential benefit, and inconvenient.   The law favors compromise and not litigation for its own sake. *In re Blair* (9th Cir. 1976) 538 F. 2d 849, 851.

**4.      The paramount interest of the creditors.**

This factor heavily weighs in favor of the Agreement.  By entering into the Agreement, the estate is receiving a significant benefit in the form of a reduction in the Homestead Exemption to $275,000.  This is a $275,000 reduction.  If the Real Property sells at anywhere near the price currently listed, the estate's distribution would increase by the $275,000.  Moreover, the Agreement avoids the time and expense associated with litigation, and the best case scenario for the estate would be a reduction of the Homestead Exemption to about $200,000.  While the Trustee is agreeing to abandon assets of the estate, those assets are extremely burdensome and of inconsequential value and benefit to the estate in the Trustee's opinion, particularly given the terms of the Agreement and the significant benefit being received.  The Trustee believes the Agreement is in the best interest of creditors.

/ / /

/ / /

/ / /

/ / /

**WHEREFORE**, the Trustee prays that the Motion be granted and for such other and further relief as the Court deems necessary and proper.

DATED: May 12, 2025

KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Professional Corporation

By: _____
Gabriel P. Herrera
Attorneys for NIKKI B. FARRIS,
Chapter 7 Trustee